EL PUEBLO, DEMANDANTE Y APELADO, *v.* AYUSO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por delito de acometimiento y agresión con circunstancias agravantes.

No. 1172.—Resuelto en junio 14, 1917.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—AGRESIÓN A UN FUNCIONARIO PÚBLICO.—En una acusación por delito de acometimiento y agresión con una piedra a un policía insular mientras practicaba un arresto, no es necesario alegar para que se entendiera perpetrado el delito, que el agredido, al recibir el golpe, cayó al suelo, aun cuando dicha circunstancia revela lo serio de la agresión; pero es imprescindible que en ella se consigne, a fin de que el delito imputado pueda calificarse como de acometimiento y agresión con circunstancias agravantes, que el agredido era un funcionario público, por lo que no procede una moción para que se elimine este particular de la acusación.

APRECIACIÓN DE LA PRUEBA—PRUEBA CONTRADICTORIA.—Cuando la corte sentenciadora dirime el conflicto de la prueba dando crédito a los testigos de cargo, y no se demuestra que actuara movida por pasión, prejuicio o parcialidad o que cometiera algún error manifiesto, debe prevalecer su conclusión.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel Rodríguez Serra.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El Fiscal de Humacao imputó a Rómulo Ayuso un delito de acometimiento y agresión con circunstancias agravantes consistente en haber acometido y agredido ilegal, voluntaria y maliciosamente, con una piedra, en Yabucoa, en la noche del 24 de diciembre de 1916, al jefe de la Policía Insular del distrito, Julio Castilla, que se encontraba practicando un arresto, conociendo el acusado que Castilla era tal funcionario público.

El acusado solicitó por moción que se eliminara de la acusación la circunstancia de que, al recibir la pedrada, Castilla había caído al suelo, y la de que Castilla era un funcionario público. La moción fué desestimada. La primera circunstancia no era en verdad necesario alegarla. Para que se entendiera perpetrado el delito, no era imprescindible que el agredido hubiera caído al suelo a consecuencia del golpe. Sin embargo, dicha circunstancia revela lo serio de la agresión. La segunda era imprescindible consignarla en la acusación para que el delito imputado pudiera calificarse como lo calificó el Fiscal de acometimiento y agresión con circunstancias agravantes. Si tal circunstancia no se hubiera alegado en la acusación, sólo hubiera podido perseguirse al acusado por el delito de acometimiento y agresión simple. "Cuando se acusa por acometimiento y agresión grave," dijo este Tribunal en *El Pueblo* v. *Rivera,* 23 D. P. R. 421, "es necesario especificar en la acusación con toda claridad alguna de las circunstancias agravantes que expresa la sección 6 de la ley sobre acometimiento y agresión de 1904. (Leyes de 1904, p. 42,)" Véase *El Pueblo* v. *Marini,* 22 D. P. R. 11.

Se sostiene por el apelante que la corte erró al apreciar la prueba y que la sentencia no está sostenida por la prueba.

Examinada la exposición del caso se observa que el hecho de que el policía, vestido de uniforme y mientras practicaba

el arresto de una persona en una de las calles de un pueblo de la isla, fué agredido con una piedra que le produjo un fuerte golpe en la cara, está plenamente demostrado. La participación del acusado quedó establecida por la declaración de José R. Nadal, joven de diez y seis años, que sostuvo siempre, sin vacilación alguna, en el largo interrogatorio a que fué sometido, que Rómulo Ayuso fué el que tiró la piedra contra el policía produciéndole el golpe que le hizo caer. La defensa presentó prueba tendente a demostrar que ni Ayuso ni Nadal se encontraron en el lugar de los sucesos. La córte sentenciadora dirimió el conflicto dando crédito a Nadal y no habiéndose demostrado que actuara movida por pasión, prejuicio o parcialidad, o que cometiera algún error manifiesto, debe prevalecer su conclusión.

Procede la confirmación de la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.